UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CR-20549-HUCK

UNITED STATES OF AMERICA,

v.

NICHOLAS ALFONSO ADLON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Nicholas Alfonso Adlon. Based upon the change of plea hearing conducted on July 25, 2025, this Court makes the following findings and recommends that the guilty plea be accepted.

1. The undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3. Defendant pled guilty to Count 1 of the Indictment, which charges him with Possession of Visual Depictions Involving the Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2); and Count 2, which charges him with Failure to Register Under the Sex Offender Registration and Notification Act, in violation of Title 18, United States Code, Section 2250(a). I advised Defendant of the following:

  i. On Count 1, the Court must impose a minimum term of imprisonment of ten years[1] and may impose a maximum term of twenty years' imprisonment;

  ii. On Count 2, the Court may impose a maximum term of imprisonment of ten years;

  iii. The Court may also impose a fine of up to $250,000.00 per count;

  v. The Court shall order restitution in an amount that reflects Defendant's relative role in the causal process that underlies the victims' losses, but not less than $3,000.00 per victim;

  vi. The Court will impose mandatory special assessments of: $100.00 per count, pursuant to 18 U.S.C. § 3013; and $5,000.00, if he is not indigent, pursuant to 18 U.S.C. § 3014. Defendant has agreed these assessments are due to be paid at the time of sentencing; and

  vii. The Court will impose an additional assessment of not more than $35,000.00, pursuant to 18 U.S.C. § 2259A(a)(2).

Defendant was also advised of the possibility of forfeiture and the potential for immigration consequences including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

---

[1] The penalty sheet filed with the Indictment incorrectly states that there is no minimum sentence applicable here. Defendant affirmed his understanding that the plea agreement accurately memorializes the applicable minimum term of imprisonment, which is ten years.

4.     To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

5.     The parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he had reviewed the entire agreement with counsel before he signed it. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant indicated that he has reviewed discovery with counsel.

6.     Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent[2] and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

7.     Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 2 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

8.     A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing will be set by separate order.

---

[2] Defendant described his history of mental illness and explained his current treatment, stating that he felt capable of understanding and making this important decision to plead guilty. Defense counsel agreed, noting that her requests to continue the hearing were made to ensure sufficient time for her client to reach this point of understanding.

As I advised the Parties in open court, the Parties will have **THREE (3) CALENDAR DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge.  Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 25th day of July, 2025.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**